## SUSAN A. WILLIAMS *v.* PARDON WILLIAMS.

Where the cause of divorce set forth in a petition occurred in this State, or was a cause of divorce under the laws of the State where it occurred, this Court, if it have jurisdiction of the parties, will take cognizance of the petition, although the petitioner has not resided in this State the full term of three years; but in all other cases, the Court refuse to receive evidence to rebut the presumption, that the petitioner came into the State for the sole purpose of procuring a divorce.

THIS was a petition for divorce. The parties intermarried in Boston, Mass., in 1847, and resided there until September, 1854, when the petitioner removed to Providence, the respondent continuing to reside in the former place. The petition alleged as causes for divorce, neglect and refusal to provide necessaries for the petitioner, wilful desertion and personal violence. The petition was filed and heard at the March term,—the petitioner exhibiting evidence in support of the first two grounds, and also evidence showing that since September, 1854, she had resided in Rhode Island, and tending to show that she came to Rhode Island with the intention of becoming a permanent resident. Upon the proofs exhibited, the petitioner asked that her petition be received and granted,—citing the " act in amendment of an act regulating marriage and divorce," (P. L. 670) and contending that under the provisions of this act, the Court

should dispense with a three years' residence on her part. The petition was continued to the present term, when the Court gave its decision, dismissing it, not granted.

*Potter* for the petitioner.

*Bradley* for the respondent.

STAPLES, C. J.—Previous to January, 1847, this Court by the express language of the statute, page 265, had no cognizance or jurisdiction over the petition of any person for divorce, who had not been a resident in this State for the term of three years, at the time of filing his petition, and this without regard to the causes of divorce set out in the petition, or the place where they occurred. The design of this provision was to discourage persons from removing into this State solely to avail themselves of our laws in relation to divorce. It was so modified (P. L. 670) as to authorise this Court, in their discretion, to dispense with the three years' residence. Since then the Court has taken cognizance of such petitions, in case the causes of divorce occurred in this State, or were causes of divorce under the laws of the State where they occurred, provided they have jurisdiction over the parties. And in all other cases they have refused to receive evidence to rebut the presumption, that the petitioner came into the State for the sole purpose of procuring a divorce.